UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Criminal Action No. 17-cr-20424
                                            HON. BERNARD A. FRIEDMAN

vs.

BABATUJI MAHONEY,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE OR REDUCTION IN SENTENCE

Before the Court is defendant Babatuji Mahoney's motion for compassionate release or to reduce his sentence. (ECF No. 56). The government responded in opposition to the motion. (ECF No. 58). Mahoney did not file a reply. The Court shall decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(1). For the following reasons, the Court will deny the motion.

Mahoney is currently serving a 120-month sentence for one count of Hobbs Act robbery and one count of brandishing a firearm during and in relation to a crime of violence. (ECF No. 55, PageID.173). He is incarcerated with the Bureau of Prisons at FCI McDowell. (ECF No. 56, PageID.188). Mahoney now seeks compassionate release or a reduction in his sentence pursuant to 18 U.S.C. §

3852(c)(1)(A), so that he can assist with caring for his ailing parents.[1] Mahoney claims that his mother suffers from seizures, epilepsy, and multiple sclerosis. (*Id.*, PageID.181-82). His father allegedly suffers from cancer. (*Id.*, PageID.182).

District courts may modify a defendant's sentence only where a statute vests them with such authority. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009); *see also United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."). 18 U.S.C. § 3582(c)(1)(A) is one of those statutes. It provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .

---

[1] Mahoney references 18 U.S.C. § 3582(c)(2) as the statutory basis for his motion. Because he requests "compassionate release" or a "reduction in sentence" the Court will construe his motion as seeking relief pursuant to 18 U.S.C. § 3582(c)(1)(A).

2

18 U.S.C. § 3582(c)(1)(A)(i).

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release [or a sentence reduction] under § 3582(c)(1)(A)." *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id.* (citations omitted).

Applying this framework, the Court declines to grant Mahoney compassionate release or to reduce his imposed sentence.[2] *First*, the record is not detailed enough to ascertain the severity of Mahoney's parent's medical conditions, their "current care arrangements," or whether Mahoney's "help is truly needed." *United States v. Johnson*, No. 11-20493, 2021 U.S. Dist. LEXIS 40225, at *12 (E.D. Mich. Mar. 4, 2021) (internal quotation marks omitted). Mahoney fails to specifically address

---

[2] "[A]n imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A). The government does not contest that Mahoney exhausted his administrative remedies.

whether any other family members, friends, or community organizations are available to care for his parents. The record, therefore, contains insufficient information to determine whether his assistance is genuinely required.

*Second*, Mahoney's purported need to care for his parents does not present "extraordinary and compelling" circumstances warranting compassionate release or a reduction in sentence. *See, e.g., United States v. Newton*, 478 F. Supp. 3d 591, 595 (E.D. Mich. 2020) ("[T]he fact that Defendant's mother suffers from medical hardships, while unfortunate, does not in and of itself create a compelling reason to release Defendant."); *Johnson*, 2021 U.S. Dist. LEXIS 40225, at *12-13; *United States v. Coates*, No.13-20303, 2020 U.S. Dist. LEXIS 241540, at *27 (E.D. Mich. Dec. 23, 2020) ("[C]ourts have concluded that taking care of an ailing parent does not present an extraordinary and compelling reason to grant release.").

And *third*, assuming Mahoney's request meets the "extraordinary and compelling" threshold, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors" where "extraordinary and compelling reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (cleaned up). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense" as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further

4

crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)-(C). These factors cut against compassionate release or reducing Mahoney's sentence.

To start with, a district court's "initial balancing of the § 3553(a) factors" during the defendant's sentencing "remains an accurate assessment as to whether those factors justify" compassionate release or a subsequent sentence reduction. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). The defendant must, therefore, "make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.*

Here, Mahoney planned and participated in a spate of pharmacy robberies over an eight-month period. He and his accomplices brandished firearms that placed customers as well as the pharmacies' employees at risk of serious physical harm. His conduct inflicted untold psychological trauma. Considering the severity of his crimes and the length of the remaining portion of his sentence (over three years approximately), granting compassionate release, or reducing Mahoney's sentence, would not further the sentencing objectives section 3553(a) aims to achieve. Accordingly,

IT IS ORDERED that Mahoney's motion for compassionate release or to reduce his sentence (ECF No. 56) is denied.

|  |  |
|---|---|
| Dated: March 31, 2022<br>Detroit, Michigan | **s/Bernard A. Friedman**<br>BERNARD A. FRIEDMAN<br>SENIOR U.S. DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 31, 2022.

| | |
|---|---|
| BABATUJI MAHONEY<br>FCI McDowell<br>PO Box 1009<br>Welch, WV 24801 | s/Johnetta M. Curry-Williams<br>Case Manager |